IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 30, 2008

Charles R. Fulbruge III
Clerk

No. 07-60533
Summary Calendar

LEANGSE HOEUNG; TIP VANNY EM

Petitioners

V.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 261 171
BIA No. A95 261 172

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Leangse Hoeung, and his wife, Tip Vanny Em, citizens and natives of Cambodia, petition for review of the Board of Immigration Appeals' (BIA's) dismissal of their appeal of the order of the immigration judge (IJ) denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Where, as here, the BIA has adopted the analysis and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conclusions of the IJ, we review the IJ's findings. See Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002).

Hoeung challenges the IJ's denial of relief based on the IJ's finding that Hoeung's testimony was not credible. He contends that his testimony did not contradict his written asylum application and materials; he asserts that his testimony simply clarified and elaborated on certain details. He asserts that the IJ misread and misinterpreted the facts, statements, and testimony and that the inconsistencies identified by the IJ are trivial, innocent oversights that do not go to the heart of his case.

A review of the record establishes that the IJ's finding that Hoeung's testimony is not credible is substantially supported by the record. Hoeung's arguments do not compel this court to substitute its judgment for that of the IJ. See Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994) ("We cannot substitute our judgment for that of the BIA or IJ with respect to the credibility of the witnesses or ultimate factual findings based on credibility determinations."); see also Efe, 293 F.3d at 905 ("The panel cannot replace the Board or IJ's determinations concerning witness credibility or ultimate factual findings based on credibility determinations with its own determinations."). Further, Hoeung has not challenged the alternative conclusions that he failed to provide sufficient evidence to support his claims for asylum, for withholding of removal, and for relief under the Convention Against Torture. Accordingly, he has abandoned any challenge to these conclusions. See Soadjede v. Ashcroft, 324 F.3d 830, 833 (5th Cir. 2003) (issues not raised in alien's brief in support of his petition for review of decision of BIA are deemed abandoned).

The petition is DENIED.